**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**COLUMBUS CHRISTOPHER WILLIAMS, JR.**　　　　**CIVIL ACTION**

**VERSUS**　　　　**NO. 10-1826**

**HOWARD PRINCE, WARDEN**　　　　**SECTION: "B"(2)**

## ORDER AND REASONS

Before the Court is Petitioner's, Columbus Christopher Williams, Jr. (Petitioner), Rule 60 Motion for Relief from Orders and Judgment (Rec. Doc. No. 20). Petitioner seeks to vacate the Court's Order Adopting the Report and Recommendation of the Magistrate Judge (Rec. Doc. No. 17) and to vacate the Judgment dismissing with prejudice the Petition for Writ of *Habeas Corpus*. (Rec. Doc. No. 18). Additionally, Petitioner urges the Court to consider his Objections to the Magistrate's Report and Recommendation. (Rec. Doc. No. 20-3). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Petitioner's Rule 60 Motion for Relief from Orders and Judgment is **GRANTED.** Petitioner is given leave to file his objections to the Magistrate Judge's report, which objections are found at Rec. Doc. No. 20-3. The State is given until July 11, 2012 to file its response, if any.

**PROCEDURAL HISTORY**

On March 5, 2004, Petitioner was charged with three counts of terrorizing and five counts of retaliation against a public official. (Rec. Doc. No. 16, p.2). After several hearings and a psychiatric evaluation, the trial court ultimately determined on March 23, 2006 that Petitioner was competent to stand trial. (Rec. Doc. No. 16, pp.4-5). On January 17, 2007, Petitioner chose to represent himself without assistance of counsel. (Rec. Doc. No. 16, pp.5-6). Later, on February 23 and March 21, 2007, Petitioner requested standby counsel for assistance, which the trial court denied. (Rec. Doc. No. 16, p.6).

Petitioner was ultimately tried before a jury on April 16-19, 2007 and found guilty. (*Id.*). On direct appeal, Petitioner, through newly retained counsel, argued that the state trial court erred in permitting him to act as his own attorney and denying him assistance of counsel. (Rec. Doc. No. 16, p.7). Petitioner further asserted several arguments in a *pro se* supplemental brief. (*Id.*). While his appeal was pending, Petitioner filed several pleadings seeking post-conviction relief and a new trial, which were denied in light of the pending appeal. (Rec. Doc. No. 16, p.8). The Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence and the denial of his post-conviction relief. (*Id.*). The Louisiana Supreme Court denied Petitioner's writ application on June 19, 2009. (*Id.*). On October 9, 2009 and

February 24, 2010, Petitioner filed additional applications for post-conviction relief, both of which were denied as repetitive and successive under LA. CODE CRIM. P. ANN. art. 930.4 (2012). (Rec. Doc. No. 16, pp.8-9).

On June 25, 2010, Petitioner filed for federal *habeas corpus* relief, alleging that he was denied his Sixth Amendment right to representation by counsel. (Rec. Doc. No. 1). The State filed its Opposition (Rec. Doc. No. 8), which was met with Petitioner's reply. (Rec. Doc. No. 9). On February 14, 2012, the Magistrate Judge issued his Report and Recommendation, recommending that the petition for *habeas corpus* relief be denied and dismissed with prejudice. (Rec. Doc. No. 16).

Petitioner now complains that he was unable to timely file Objections to the Report and Recommendation due to counsel's unavoidable computer complications and illness. (Rec. Doc. No. 20-2, pp.2-6). Petitioner's counsel experienced, apparently for the first time, difficulties accessing the CM/ECF system when he attempted to file Petitioner's Objections to the Magistrate Judge's Report and Recommendation on Tuesday, March 1, 2012, the deadline for such objections to be filed. (Rec. Doc. No. 20-2, p.3). Simultaneously thereto, Petitioner's counsel contracted a physical illness, the treatment of which required a visit to the emergency room and medication. (Rec. Doc. No. 20-2, pp.3-4).

Apparently, counsel intended to file a motion to excuse the untimely filing, which the State did not oppose (Rec. Doc. 20-2, pp.4-5). However, before counsel could do so, this Court issued an Order on March 4, 2012 (Rec. Doc. No. 17), adopting the Report and Recommendation of the Magistrate Judge, entered Judgment against Petitioner (Rec. Doc. No. 18), and issued an order denying the Certificate of Appealability. (Rec. Doc. No. 19).[1]

Petitioner then filed the instant Rule 60 Motion for Relief from Orders and Judgment. (Rec. Doc. No. 20). No opposition brief has been filed.

## **LAW AND ANALYSIS**

Rule 60(b) provides relief from a final judgment, order, or proceeding due to excusable neglect or "any other reason that justifies relief." The Fifth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses" but has also "narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances

---

[1] The Certificate of Appealability states, in pertinent part:

Having separately issued a final order in connection with the captioned *habeas corpus* proceeding, in which the detention complained of arises out of process issued by a state court, the Court, after considering the record and the requirements of 28 U.S.C. § 2253 and Fed. R. App. P. 22(b), hereby orders that,

| __X__ | a certificate of appealability shall not be issued for the following reason(s): <br> No substantial showing of denied federal constitutional right. See Record Document Number 16. |
|---|---|

are present." *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010), citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). The equitable power of the district court judge is to be exercised with discretion, and appellate examination reviews for abuse of this discretion. *Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002).

Allowing a Rule 60(b) motion to proceed as denominated creates no inconsistency with the *habeas corpus* statute or rules where "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction." *Id.* at 533. The orders and judgment from which Petitioner seeks relief are not merits-based, but were entered solely based upon Petitioner's failure to timely file Objections to the Magistrate Judge's Report and Recommendation. Thus, Petitioner's Motion is not improper at this juncture.

The Fifth Circuit has long held that the Rule 60(b) movant must "make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). Petitioner has made such a showing here.

Petitioner complains that he was unable to timely file Objections to the Report and Recommendation due to counsel's unavoidable computer complications and illness as outlined above in

5

the Procedural History.[2] (Rec. Doc. No. 20-2, pp.2-6). Generally, the client is responsible for choosing his lawyer and cannot claim inadequacies as an excuse for failing to meet deadlines and duties imposed by law. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962). In *Link*, the Supreme Court affirmed a district court's dismissal under Rule 41(b), which occurred after a six-year delay and in immediate response to counsel's failure to attend a pretrial conference that he unquestionably knew had not been continued. *Id.* at 627-29. Furthermore, the Fifth Circuit affirmed a district court's refusal to grant relief under Fed. R. Civ. P. 60(b) from a dismissal due to lack of jurisdiction, when the party who alleged that a conflict had kept him from attending a scheduled conference did not raise that issue until after the time to appeal from the dismissal. *Pryor*, 769 F.2d at 285-89. However, those cases are not comparable to the case at bar.

Counsel's delay was the result of unforeseen medical and technological circumstances out of his control, and he took steps immediately to remedy the delay. Moreover, the State did not oppose a continuance allowing Petitioner to file said Objections. (Rec. Doc. No. 20-2, pp.4-5). However, before such a motion could be filed, the Court adopted the Magistrate Judge's Report and Recommendation. (Rec. Doc. No. 17).

---

[2] The Court recognizes counsel's considerable medical circumstance, as documented in the pleadings.

Given this, Petitioner's objections to the Magistrate Judge's report will be considered along with any timely response to same and the entire record without need of evidentiary hearing.

New Orleans, Louisiana, this 27th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE